UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES RICHARD BERNARD, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-17 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

On January 19, 2010, Petitioner Charles R. Bernard, Jr., filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. # 1) under 28 U.S.C. § 2254, challenging his state court felony conviction. Petitioner' application was incomplete, however, because it did not include either the $5.00 filing fee or an application to proceed *in forma pauperis* accompanied by a statement prepared by an authorized TDCJ-CID official showing the average balance and average deposits to his inmate trust account for the preceding six months. Accordingly, on February 12, 2010, the court ordered petitioner to comply with the filing fee provisions described above, within twenty (20) days of the date set forth in the order. Petitioner responded to the court's order, stating that he had given a money order to the TDCJ-CID but had no control over how they chose to spend his money. He failed, however, to comply in any way with the stated order of the Court. Nor did he provide any evidence to support his excuse for failing to comply with the Court's order. Petitioner did not send the filing fee, did not submit an application to proceed *in forma pauperis* and did not submit an authorized TDCJ-CID statement reflecting the status of his inmate trust account. Petitioner's complete failure to respond to the Court's order prompts the Court to conclude that he lacks due diligence or no longer wishes to pursue his case.

Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order).

Accordingly, it is **ORDERED** that this action is **DISMISSED** without prejudice for want of prosecution.

SIGNED at Houston, Texas this 22nd day of March, 2010.

_____
Kenneth M. Hoyt
United States District Judge