UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHARLES RICHARD BERNARD, JR, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. G-10-17 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Charles Richard Bernard (TDCJ # 1453503), has filed the pending federal habeas action to challenge his 2007 state court conviction of aggravated sexual assault. (Doc. No. 1). He contends that he was denied his right to effective assistance of counsel.

It has come to the Court's attention that the petitioner raised the same, exact claim in *Bernard v. Thaler*, Civil Action No. 3:10cv07 (S.D.Tex. January 5, 2010). The Court dismissed the complaint in Civil Action No. 3:10cv07 as barred by limitations. In that case, the Court provided the petitioner ample opportunity to respond to a show cause order regarding the limitation issue and petitioner failed to respond to the order. The Court therefore dismissed the petition as time-barred based on the facts contained in the petition.

The pending petition is an exact duplicate of the petition filed in Civil Action No. 3:10cv07. Because the present federal habeas petition is duplicative of Civil Action No. 3:10cv07, the present habeas action is subject to dismissal as malicious. *Cf. Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.)., *cert. denied*, 110 S.Ct. 417 (1989)(A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal).

The Court further notes that the petitioner has paid the statutory $5.00 filing fee for maintaining this action. The petitioner did not pay the filing fee in the earlier filed action. Therefore, the filing fee paid in this case should be transferred to satisfy the petitioner's obligation in Civil Action No. 3: 10cv07.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth herein, the Court has determined that the petitioner has not made a substantial showing of the denial of a constitutional right and the Court will not, therefore, issue a certificate of appealability.

Based on the foregoing, it is **ORDERED** that the petitioner's petition for a writ of habeas corpus is **DENIED** and this action is **DISMISSED** with prejudice.

It is further **ORDERED** that the filing fee paid in this case be transferred to Civil Action No. 3: 10cv07.

All pending motions, if any, are **DENIED**.

SIGNED at Houston, Texas this 27th day of October, 2011.

Kenneth M. Hoyt  
United States District Judge

2